Rosa Nely Gonzalez **MEDRANO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

Rosa Nely Gonzalez Medrano,
Petitioner,

v.

Alberto R. Gonzalez, Attorney
General, Respondent.

Nos. 04–73652, 04–74821.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2007.*

Filed June 21, 2007.

Jaime Jasso, Esq., California Alien Rights Project, LLC Immigration Appealsworks, Westlake Village, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Allen W. Hausman, Attorney Fax, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, BYBEE, and Milan D. Smith, Jr., Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Rosa Nely Gonzalez–Medrano petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for cancellation of removal. We have jurisdiction to consider "questions of law" raised by petitioner, which we review de novo. 8 U.S.C. § 1252(a)(2)(B); *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.2005). For the following reasons, the petition for review is DENIED.

First, there is no conflict between the extreme hardship standard of 8 U.S.C. § 1229b(b)(1)(D) and the White House Conference on Children Act, 42 U.S.C. §§ 12371–12377. The Conference on Children Act merely authorized and funded a conference on children's welfare, and did not purport to amend or modify existing standards for cancellation of removal. Second, the BIA did not ignore petitioner's argument regarding the hardship standard, because the BIA explicitly addressed that argument in response to petitioner's motion for reconsideration. Third, we lack jurisdiction to consider petitioner's argument that the agency improperly weighed evidence. 8 U.S.C. § 1252(a)(2)(B), (D). Fourth, petitioner expressly waived her constitutional claims in her opening brief, so we need not consider those made in her reply brief.

PETITION DENIED in part, DISMISSED in part.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.